## TROUPE v. EADE ET AL.

1. **Injunction:** APPEAL: PRACTICE. Where an application for an injunction to restrain the sale of real estate on execution was denied, and the plaintiff thereupon appealed and filed a *supersedeas* bond, notwithstanding which the sheriff proceeded to sell the property, and the plaintiff then filed a supplemental petition, asking that the sale be declared void, on the ground that it was in violation of the injunction, to which petition a demurrer was sustained, it was *held*, that the demurrer was well taken.

*Appeal from Floyd Circuit Court.*

FRIDAY, MARCH 24.

THE facts are sufficiently stated in the opinion.

*S. P. Leland,* for appellant.

*Starr, Patterson & Harrison,* for appellees.

SEEVERS, CH. J.—The object and only relief prayed for in the petition was the allowance of an injunction restraining the sale of certain real estate, the property of the plaintiff, under and by virtue of an execution issued by the clerk of the Circuit Court of said county, on a judgment duly rendered in said court. The defendant answered, denying the material allegations of the petition, and also filed affidavits in support of the answer. There were no affidavits filed in support of the petition, and whether that was verified is not disclosed by the record. The answer, however, was verified by one of the plaintiff's attorneys, and no objection is made to the person or the manner of the verification.

Under the state of facts presented by the record, there is not the slightest doubt that the court below ruled correctly in denying the injunction. There was no ground, legal or equitable, upon which the relief asked could have been placed. Upon the refusal to grant the injunction, the plaintiff immediately appealed therefrom to this court, and filed a *supersedeas* bond; notwithstanding which, the sheriff proceeded at the proper time

to sell the real estate under and by virtue of the execution. Whereupon the plaintiff filed a supplemental petition, setting up the fact that he had appealed from the order refusing the injunction; and, therefore, the proceeding of the sheriff was null and void, and asking the court to set aside the sale. To this petition the defendants demurred, on the ground that it did not state facts sufficient to entitle the plaintiff to the relief demanded; which being sustained, the plaintiff also appealed therefrom.

The doctrine claimed by the plaintiff, that an appeal to this court perpetuates and continues in force an injunction which never was granted or had an existence, has at least the virtue of novelty; and that it has no other force or virtue is clear and undoubted.

AFFIRMED.